■ Daniel Jiuz, Respondent, v City of New York, Defendant, and 500 West 140th Street Corp. et al., Appellants. [664 NYS2d 303] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered July 2, 1996, which, in an action to recover for personal injuries allegedly sustained as a result of a slip and fall on snow or ice, denied defendants building owner's and store's motions for summary judgment dismissing the complaint as against each, respectively, unanimously modified, on the law, to grant the motion of defendant building owner, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant building owner dismissing the complaint as against it.

An owner or lessee of property owes no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of its premises, but, if it undertakes to do so, it can be held liable in negligence where its acts create or increase the hazards inherent in ice and snow on the sidewalks (*see, Keane v City of New York*, 208 AD2d 457; *Glick v City of New York*, 139 AD2d 402). Here, plaintiff's assertion that he had observed that a path had been cleared in the area of the sidewalk where he fell, the lease provision requiring the store to remove snow and ice from the abutting sidewalk, the building superintendent's assertion that it was regular practice of store employees to clear snow when there was a storm, and the store owner's admission that he did not know whether his employees had shovelled snow during this storm were sufficient to raise a triable issue as to whether the store's employees had attempted snow removal and thereby created or increased the hazard that caused plaintiff's injuries (*see, Glick v City of New York, supra; cf., Hendersen v Hickory Pit Rest.*, 221 AD2d 161, 162). However, because plaintiff made no showing to contradict the building owner's denial of any connection with snow removal, summary judgment should have been granted in this

defendant's favor (*see, Keane v City of New York, supra; Sheehan v Rubenstein*, 154 AD2d 663). Concur—Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.