■ DENNIS ZITO, Respondent, v OCCIDENTAL CHEMICAL CORPORATION, Defendant and Third-Party Plaintiff-Respondent. INTERNATIONAL TECHNOLOGY CORPORATION, Third-Party Defendant-Appellant. [688 NYS2d 307] —Order unanimously affirmed without costs. Memorandum: Plaintiff, a laborer employed by third-party defendant, International Technology Corporation (ITC), was injured when he slipped on a spot of grease as he was reporting for work at a landfill owned by defendant, Occidental Chemical Corporation (Occidental). At the time of the accident, plaintiff was proceeding to the worksite pursuant to directions issued by Occidental, which required that ITC workers park their vehicles in a designated parking lot and report for work at a designated guard shack.

Plaintiff commenced this action against Occidental alleging violations of Labor Law §§ 200 and 241 (6). Occidental commenced a third-party action against ITC for contractual indemnification and for a defense and indemnification pursuant to ITC's duty to provide insurance. ITC moved for summary judgment dismissing the complaint on the ground that the accident area was not part of plaintiff's worksite within the meaning of Labor Law §§ 200 and 241 (6). Additionally, ITC sought summary judgment dismissing the third-party complaint on the grounds that the contract requiring ITC to indemnify Occidental for any injuries or damages "in any way connected with the performance of the work" was unenforceable pursuant to General Obligations Law § 5-322.1 and that the insurance coverage required by the contract was limited to

the terms of the contract, which did not include the subject accident. Occidental cross-moved for summary judgment declaring that ITC is obligated to defend and indemnify it pursuant to ITC's obligation to provide insurance.

Supreme Court properly denied the motion of ITC and granted the cross motion of Occidental. We have consistently held that a worksite within the meaning of Labor Law §§ 200 and 241 (6) is not limited to the actual area where the construction work is to be performed and includes adjacent areas that are part of the construction site, such as passageways or walkways to and from the work area (see, Mazzu v Benderson Dev. Co., 224 AD2d 1009, 1011; Foster v Spevack, 198 AD2d 892, 894; Higgins v du Pont de Nemours Co., 186 AD2d 1011). The record establishes that, at the time of the accident, plaintiff was using a passageway or walkway designated by Occidental for ITC workers reporting for work. Thus, the accident area constituted part of the worksite within the meaning of Labor Law §§ 200 and 241 (6).

An agreement that obligates one party to a construction contract to procure insurance for the other party does not violate General Obligations Law § 5-322.1 and is enforceable (see, Kinney v Lisk Co., 76 NY2d 215, 218; Santamaria v 1125 Park Ave. Corp., 238 AD2d 259, 260). The record establishes that ITC provided insurance covering Occidental for any liability consistent with the indemnification clause of the contract. Because that indemnification clause encompasses injuries or accidents "in any way connected with performance of the work", the court properly determined that ITC was obligated to provide a defense and indemnification pursuant to its agreement to procure insurance. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.