Ralph KALAR and Joyce Kalar, Plaintiffs,

v.

Anthony J. ZAIA, Defendant.

Anthony J. Zaia, Third–Party Plaintiff,

v.

United States Postal Service, Third–Party Defendant.

No. 97–CV–772.

United States District Court, N.D. New York.

Sept. 7, 1999.

Earle E. Thurston, Auburn, New York, for Ralph and Joyce Kalar.

David B. Mahoney, Rochester, New York, for Anthony Zaia.

Hon. Daniel J. French, United States Attorney, Office of the United States Attorney, James T. Foley U.S. Courthouse, Albany, New York, for United States; James C. Woods, AUSA, of counsel.

## MEMORANDUM–DECISION
### and ORDER

MUNSON, Senior District Judge.

Currently before the court are defendant Anthony J. Zaia's ("Zaia") motion for summary judgment, which plaintiffs oppose, and their cross-motion to strike Zaia's supporting declaration. For the reasons that follow, the court grants Zaia's motion for summary judgment and denies plaintiffs' cross-motion.

## BACKGROUND

Originally, plaintiffs filed this personal injury action in New York Supreme Court on October 24, 1996, but it was removed to this court on May 30, 1997. By Order dated February 26, 1999, this matter was reassigned to the undersigned.

The allegations here are not terribly complex. Plaintiffs allege that Joyce Kalar was injured after she slipped and fell on an accumulation of ice and snow at the entrance to the Post Office in Cato, New York on November 2, 1993. Her husband, Ralph Kalar, has filed a derivative claim for loss of consortium. In essence, plaintiffs argue that Zaia, the Post Office's landlord, either must have or should have known about the dangerous conditions leading to Ms. Kalar's fall, but failed to alleviate them. Zaia disputes plaintiffs' assertions. He acknowledges that he is the Post Office's landlord, but contends its employees are solely responsible for snow removal at the facility. He seeks summary judgment.

Plaintiffs oppose summary judgment principally on two grounds: first, they maintain questions of fact exist as to whether Zaia was negligent in maintaining the *situs* of the mishap; and second, they suggest that Zaia's moving papers are flawed. The court examines these arguments *seriatim*.

## DISCUSSION

### I. Standard for Summary Judgment

The standard for summary judgment is well-settled. Rule 56 allows for summary judgment where the evidence demonstrates that "there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A motion for summary judgment may be granted when the moving party carries its burden of showing that no triable issues of fact exist. *See Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). In light of this burden, any inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party. *See Id.; United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (*per curiam*). If the moving party meets its burden, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). To defeat a motion for summary judgment, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A dispute regarding a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. When reasonable minds could not differ as to the import of the evidence, then summary judgment is proper. *See Id.*, at 250–251, 106 S.Ct. at 2511.

### II. Negligence

 There is no dispute that New York law applies to this matter. If plaintiffs are to prevail on their negligence claim, they must prove by a preponderance of the evidence that: (1) Zaia owed a duty to plaintiffs to exercise reasonable care; (2) Zaia breached that duty; and (3) they

were injured as a result of Zaia's breach. *See Akins v. Glens Falls City School Dist.,* 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981). More specifically, to impose liability upon a landlord for a slip and fall due to ice, there must be evidence that the landowner knew, or in the exercise of reasonable care should have known, that icy conditions existed and nonetheless failed to exercise due care to correct the situation within "a reasonable time after the cessation of the storm or temperature fluctuations which created [the] dangerous condition." *Porcari v. S.E.M. Mgt. Corp.,* 184 A.D.2d 556, 557, 584 N.Y.S.2d 331; *Byrd v. Church of Christ Uniting,* 192 A.D.2d 967, 969, 597 N.Y.S.2d 211. *See also Simmons v. Metropolitan Life Ins. Co.,* 84 N.Y.2d 972, 973–974, 622 N.Y.S.2d 496, 646 N.E.2d 798 ("slip and fall" plaintiff cannot recover absent showing that defendant either created dangerous condition, or had actual or constructive notice thereof, and opportunity to remedy defect).

■ The unrefuted testimony is that Zaia was not responsible for snow or ice removal at the Post Office. Plaintiffs note that the lease contains no provision indicating Zaia's tenant, the United States Postal Service ("USPS"), was responsible for ice and snow removal, but its absence is not consequential: both Zaia and David H. Harvey, Cato Post Office Postmaster, testified that the USPS's employees were responsible for keeping the sidewalks and entrances clear of snow. *See* Dfts' Not. of Mot. at Exs. B, C. It is well-settled under New York law that owners or lessees of property cannot be held liable in negligence for failing to remove ice and snow that naturally accumulates upon the sidewalk in front of its premises as they owe no such duty to pedestrians; rather, it is only if they undertake snow removal that they can be held liable in negligence if their acts create or increase the hazards inherent in ice and snow on the sidewalks. *See Jiuz v. City of New York,* 244 A.D.2d

298, 664 N.Y.S.2d 303 (1997). Where, as here, plaintiffs made no showing to contradict Zaia's denial of any connection with snow removal, his motion for summary judgment must be granted. *See Id.* (holding summary judgment appropriate where plaintiff made no showing to contradict defendant building owner's disavowing any connection with snow removal).

### III. Plaintiffs' Cross–Motion

■ Plaintiffs filed a cross-motion to strike Zaia's moving papers for their purported failure to comport with Local Rule 7.1(f),[1] which requires a statement of material facts, and Federal Rule of Civil Procedure 56(c), which requires that any motion for summary judgment be accompanied by an affidavit based upon personal knowledge.

Although Zaia's moving papers do not feature a caption styled "Rule 7.1(f) Statement," paragraphs seven through nine of his attorney's declaration recite manifold "unrefuted acts," replete with concise citations to the record. This statement is sufficient under Local Rule 7.1(f). Moreover, having perused the record, the court finds plaintiffs' "lack of personal knowledge" argument unavailing. Plaintiffs' cross-motion is denied.

### IV. Third–Party Claim

Zaia's motion for summary judgment is granted, which obviously obviates its third-party complaint against the USPS seeking potential indemnification. Accordingly, the dismissal of plaintiffs' case against Zaia necessitates dismissal of the third-party complaint against the USPS.

### CONCLUSION

Wherefore, based upon the foregoing, it is hereby **ORDERED** that plaintiffs' motion to strike defendant Zaia's moving papers is **DENIED,** and it is further **ORDERED** that defendant Zaia's motion for

---

1. Now Local Rule 7.1(a)(3).

summary judgment is **GRANTED.** Accordingly, plaintiffs' complaint and defendant Zaia's third-party complaint are **DISMISSED** and it is further **ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS SO ORDERED.**