■ JOSE FIGUEROA et al., Appellants, v LAZARUS BURMAN Associates et al., Defendants, and SYOSSET SAND & GRAVEL CO.,

Inc., Respondent. [703 NYS2d 113] —Judgment, Supreme Court, Bronx County (Anne Targum, J.), entered September 29, 1998, upon an order granting the motion of third-party defendant Syosset Sand & Gravel Co., Inc. (Syosset), for a directed verdict and dismissing the complaint against it, unanimously reversed, on the law, without costs, the order vacated, the complaint reinstated and the matter remanded for a new trial.

The evidence presented by plaintiff at trial showed that plaintiff Jose Figueroa was exiting his car in his office parking lot on the morning of January 10, 1994 when he noticed that there were numerous visible patches of ice. He carefully held on to the side of the car until he reached the rear bumper, at which point he believed he had a clear path and let go of the car. He immediately "flew" and fell on his back, having slipped on a patch of "black ice" covering a number of parking spots. The ice, though dark and difficult to see, was about two inches thick and had ridges that looked "like little tire tracks". He did not observe any sand or salt in the area where he fell.

Snow removal for the parking lot was performed exclusively by Syosset pursuant to a contract with the owner, defendant Lazarus Burman Associates (Lazarus) under which Syosset would automatically come anytime there was a snowfall of over three inches to plow, sand and salt the lot. Sanding and salting always followed plowing because the plow did not pick up all the snow and plowing would therefore create an icy and slippery condition if the premises were not then sanded and salted. Syosset used a mixture of 60% sand and 40% salt, to create traction and melt the remaining snow. Generally, Syosset would submit an invoice upon completion of the work and Lazarus's manager would inspect the lot before the invoice was paid.

On January 8, 1994, there had been a snowfall of over three inches and Syosset had come to plow, salt and sand the lot. Syosset's manager testified that, upon completion of the work, the lot was in "very good condition" with the "snow cleared" and no "ice problem". Its invoice was duly paid. The weather between the snowfall and plaintiff's fall on January 10 had been clear.

At the close of plaintiff's evidence, Syosset moved for a directed verdict on the ground, insofar as is relevant here, that plaintiffs failed to make out a prima facie case of negligence. It argued that it had no notice of any icy condition on the premises and there was no evidence that it had caused or created the icy condition. Supreme Court granted the motion.

We reverse.

On a motion for a directed verdict, "the facts adduced at trial must be considered in the light most favorable to plaintiff * * * and the plaintiff is entitled to the advantage of every favorable inference that can properly be drawn from the facts presented [citation omitted]" (*Glick v City of New York*, 139 AD2d 402, 403).

When a party, including a snow removal contractor, such as Syosset, by its affirmative acts of negligence has created or increased a dangerous condition which is the proximate cause of plaintiff's injuries, it may be held liable in tort (*Genen v Metro-North Commuter R. R.*, 261 AD2d 211; *see also*, *Jiuz v City of New York*, 244 AD2d 298). Moreover, in such a situation, a plaintiff is not required to show actual or constructive notice of the dangerous condition (*see*, *Ohanessian v Chase Manhattan Realty Leasing Corp.*, 193 AD2d 567).

Here, the evidence, seen in a light most favorable to plaintiff, is clearly sufficient to allow the jury to draw the inference that Syosset, in plowing the parking lot after the January 8 snowfall, created or increased the hazardous icy condition by failing to adequately sand and salt. Syosset admitted that if the parking lot were not properly sanded and salted, a more dangerous icy condition could develop after plowing than would have existed had the parking lot been left untouched. Since the weather during the two days that elapsed between the plowing and plaintiff's accident had been clear, no further rain or snow could have caused the icy condition. It would not, under such circumstances, be unreasonable for the jury to infer that the ice on which plaintiff slipped was the residue of the January 8 snow removal efforts and that, had Syosset performed its duties with due care, the ice would not have been present (*see*, *Genen v Metro-North Commuter R. R.*, *supra*). Concur—Ellerin, J. P., Saxe, Buckley and Friedman, JJ.