■ CYNTHIA BROWNELL, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [715 NYS2d 405] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J., and a jury), entered September 24, 1999, in an action to recover for personal injuries sustained in a slip and fall on an icy sidewalk, insofar as appealed from, apportioning fault 90% against defendant-appellant City, and awarding plaintiff damages of $709,222 before apportionment and structuring, unanimously affirmed, without costs.

A reasonable view of the evidence supports a finding that defendant's snow removal procedures at the site where plaintiff fell, including, in particular, plowing that could cause snow to accumulate near curb cuts in the sidewalk and salt spreading that could cause snow to melt and re-freeze at curb cuts, were negligent and that such negligence created a dangerous condition that caused plaintiff to fall (*see, Glick v City of New York*, 139 AD2d 402; *Figueroa v Lazarus Burman Assocs.*, 269 AD2d 215). Nor does the award of damages materially deviate from what is reasonable compensation under the circumstances. Plaintiff, in her forties, suffered a fractured tibia and fibula, underwent four surgeries and can be expected to undergo more, faces a prospect of degenerative arthritis in her ankle, which is permanently scarred and swollen, and has suffered diminished ability to perform daily activities (*cf., Dauria v City of New York*, 178 AD2d 289, *lv denied* 80 NY2d 751; *Cranston v Oxford Resources Corp.*, 173 AD2d 757, *lv denied* 78 NY2d 860). We

have considered defendant's other arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.