■ JAMES SIMON, Respondent, v ALPS MECHANICAL, INC., Respondent, and BAKER TANKS, INC., Appellant. [748 NYS2d 560] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered October 11, 2001, which, inter alia, denied the motion of defendant Baker Tanks, Inc. for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Plaintiff was allegedly injured while performing his duties as a New York City Housing Authority heating plant technician when the ladder he had climbed to reach the top of an oil tank owned by defendant Baker Tanks became partially detached causing him to fall. In view of factual issues as to whether the ladder's detachment and plaintiff's consequent injury were attributable to negligence by Baker in the installation of the tank and accompanying ladder, its motion for summary judg-

ment dismissing the complaint against it was properly denied. While Baker assumed no independent duty to plaintiff and was not in contractual privity with him, it may nonetheless be liable to him if affirmative acts of negligence by it created or increased the hazard that proximately caused his injury (*see Figueroa v Lazarus Burman Assoc.*, 269 AD2d 215, 217; *Genen v Metro-North Commuter R.R.*, 261 AD2d 211). Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.