■ YERY SUH et al., Respondents, v FLEET BANK, N.A., et al., Appellants, et al., Defendants. [793 NYS2d 8]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered May 21, 2004, which, in an action for personal injuries sustained in a slip and fall on an ice patch in front of defendant-appellant lessee's premises, insofar as appealed from, denied motions by the lessee and defendant-appellant maintenance contractor for summary judgment dismissing the complaint, and by the lessee for conditional summary judgment on its cross claim against the contractor for indemnification, unanimously modified, on the law, to dismiss the complaint and any cross claims as against the lessee, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Fleet Bank, N.A., dismissing the complaint as against it.

Plaintiff alleges that the sidewalk ice patch on which she fell formed as a result of the negligent removal of a large snowfall five days before. Her expert opines that the light snow that was falling at the time plaintiff fell served to hide the ice patch from view, but had nothing to do with its formation. Rather, the patch had already been formed as a result of the melting and refreezing of snow from the abutting snowbank created after the heavy snowfall, and that the melting and refreezing were caused by temperature changes, the negligent application of salt or snow melt chemical at the time of the heavy snowfall, and the negligent failure after the heavy snowfall to maintain the newly created path. Viewing the evidence in the light most favorable to plaintiff, an issue of fact exists as to whether the contractor's methods of stacking the snow and/or salting the path created a more hazardous condition than would have obtained had it not undertaken any snow removal operations at all (*see Brownell v City of New York*, 277 AD2d 31 [2000], *lv denied* 96 NY2d 712 [2001]; *Santiago v New York City Hous. Auth.*, 274 AD2d 335 [2000]; *Glick v City of New York*, 139 AD2d 402 [1988]). Given this issue, for present purposes it does not avail the contractor to argue that it owed no duty of care to plaintiff (*cf. Espinal v*

*Melville Snow Contrs.*, 98 NY2d 136, 141-143 [2002]; *see Figueroa v Lazarus Burman Assoc.*, 269 AD2d 215, 217 [2000]), or that it lacked notice of the patch (*see Figueroa, supra*). However, any negligence by the contractor in removing the snow cannot be imputed to the lessee (*cf. Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Keane v City of New York*, 208 AD2d 457 [1994]), and any contention that the patch was caused by the lessee's own negligence, or that the lessee had constructive notice of the patch, is too speculative to raise a genuine issue of fact. Plaintiff herself testified at deposition that the patch was not visible and apparent even as she stepped down on it, and the lessee's general awareness that water can turn to ice is legally insufficient to constitute constructive notice of the particular condition that caused plaintiff to fall (*see Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]). Accordingly, we modify as above indicated. We have considered defendants' other arguments and find them unavailing. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ. [*See* 5 Misc 3d 1012(A), 2004 NY Slip Op 51343(U) (20040.]