■ MARYLOU BARENDS, Respondent, v LOUIS P. CIMINELLI CONSTRUCTION COMPANY, INC., et al., Defendants, and CIMINELLI-COWPER CO., INC., et al., Appellants. [849 NYS2d 737]—

Appeals from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered October 9, 2006 in a Labor Law and common-law negligence action. The order, insofar as appealed from, denied in part the motions of defendants Ciminelli-Cowper Co., Inc. and Thomann Asphalt Paving Corp.

for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion of defendant Thomann Asphalt Paving Corp. seeking summary judgment dismissing the Labor Law § 200 claim against it and dismissing that claim against it and by granting the motion of defendant Ciminelli-Cowper Co., Inc. in its entirety and dismissing the complaint and cross claims against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a teacher at a middle school in the Williamsville Central School District (District), commenced this Labor Law and common-law negligence action seeking damages for injuries she sustained when she caught her foot in a hole or depression in the faculty parking lot. At the time of the accident, an addition to the school was being constructed on the side of the building adjoining the faculty parking lot. Supreme Court properly denied that part of the motion of defendant Thomann Asphalt Paving Corp. (Thomann), a contractor hired to perform site work on the construction project, seeking summary judgment dismissing the common-law negligence cause of action against it. Thomann failed to meet its burden of establishing as a matter of law that it did not create the dangerous condition in the area of plaintiff's accident when it allegedly moved a chain link fence (*see Severino v Hohl Indus. Servs.*, 300 AD2d 1049 [2002]).

The court erred, however, in denying that part of the motion of defendant Ciminelli-Cowper Co., Inc. (Ciminelli), the construction manager, seeking summary judgment dismissing the common-law negligence cause of action against it, and we therefore modify the order accordingly. In support of its motion, Ciminelli submitted evidence establishing that it did not create the allegedly dangerous condition and that it lacked actual or constructive notice of that condition (*see Verel v Ferguson Elec. Constr. Co., Inc*, 41 AD3d 1154, 1156-1157 [2007]). Ciminelli further established that it did not assume the District's responsibility of maintaining the faculty parking lot in a safe condition (*see Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d 952, 953-954 [2006]), and that its general power to supervise, coordinate and inspect the work did not "constitute[ ] sufficient control to render [it] liable" for the alleged negligence of a contractor (*Farnsworth v Brookside Constr. Co., Inc.*, 31 AD3d 1149, 1150 [2006], *lv denied* 7 NY3d 713 [2006]).

The court also erred in denying those parts of the motions of Thomann and Ciminelli seeking summary judgment dismissing

the Labor Law § 200 claim against each of them, and we therefore further modify the order accordingly. As plaintiff correctly concedes, she is not entitled to the protection of that statute under these circumstances (*see Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577 [1990]). Finally, we conclude that the court erred in denying that part of the motion of Ciminelli seeking summary judgment dismissing the cross claims against it, and we therefore further modify the order accordingly. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.