■ JUAN RENJIFO et al., Respondents, v BAY SHORE ESTADIO RESTAURANT, INC., Appellant, et al., Defendants. [866 NYS2d 192]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about May 21, 2008, which, in an action for personal injuries allegedly sustained as a result of a slip

and fall on snow, denied defendant Bay Shore Estadio Restaurant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff testified that a portion of the sidewalk in front of defendant's restaurant had been cleared and that there were approximately four to six inches of snow in the area where he slipped and fell. Defendant's owner could not recall what efforts he took regarding snow removal on the date of plaintiff's accident and his testimony as to his general snow removal practice was confirmed by plaintiff's testimony that the area where he fell near the curb had more snow than the rest of the otherwise shoveled sidewalk. Accordingly, triable issues of fact exist regarding whether defendant's snow removal efforts created or exacerbated a dangerous condition (see Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 337-338 [2004]; Jiuz v City of New York, 244 AD2d 298 [1997]). Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ.