■ JAMES P. SHELDON et al., Appellants, v HENDERSON & JOHNSON CO., INC., et al., Respondents. [906 NYS2d 413]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered April 30, 2009 in a personal injury action. The order granted defendants' motions for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is

unanimously modified on the law by denying the motion of defendant POMCO, Inc. in part and reinstating the common-law negligence claim and the derivative cause of action against that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by James P. Sheldon (plaintiff) when he allegedly slipped and fell on snow and ice in the parking lot of premises exclusively maintained by defendant POMCO, Inc. (POMCO) as a tenant in possession. We agree with plaintiffs that Supreme Court erred in granting that part of the motion of POMCO seeking summary judgment dismissing the common-law negligence claim against it. We therefore modify the order accordingly. POMCO met its initial burden with respect to the common-law negligence claim by submitting evidence establishing that there was a storm in progress at the time of the accident (*see Brierley v Great Lakes Motor Corp.*, 41 AD3d 1159, 1160 [2007]). In opposition to the motion, however, plaintiffs raised a triable issue of fact with respect to whether the hardpacked snow and ice that caused the accident existed prior to the storm (*see Martin v Wagner*, 30 AD3d 733, 735 [2006]). In addition, plaintiffs raised a triable issue of fact by submitting the affidavit of a meteorologist stating that there was no storm on the day in question and that any ice on the ground did not form on that day (*see generally Bullard v Pfohl's Tavern, Inc.*, 11 AD3d 1026 [2004]).

We reject plaintiffs' further contention that the court erred in granting that part of the motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action against POMCO. It is well settled "that a [work site] within the meaning of Labor Law [§ ] 241 (6) is not limited to the actual area where the construction work is to be performed and includes adjacent areas that are part of the construction site, such as passageways or walkways to and from the work area" (*Zito v Occidental Chem. Corp.*, 259 AD2d 1015, 1016 [1999], *lv dismissed* 93 NY2d 999 [1999]). Here, the parking lot in which plaintiff fell was not a "passageway[ ] or walkway[ ]" and thus did not constitute part of the work site (*id.*).

Contrary to plaintiffs' contention, we conclude that the court properly granted the motion of defendant Henderson & Johnson Co., Inc. (Henderson) for summary judgment dismissing the complaint against it. In support of its motion, Henderson submitted evidence establishing that, as a contractor performing work on the interior of an existing building, it had no duty to maintain the parking lot in a safe condition (*see Barends v*

*Louis P. Ciminelli Constr. Co., Inc.*, 46 AD3d 1412, 1413 [2007]). Plaintiffs failed to raise a triable issue of fact in opposition to the motion. Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.