Bregaudit v Loretto Health & Rehabilitation Ctr. (2022 NY Slip Op 07367)

Bregaudit v Loretto Health & Rehabilitation Ctr.

2022 NY Slip Op 07367

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

863 CA 21-01590

[*1]EDISON BREGAUDIT, PLAINTIFF-APPELLANT,
v
LORETTO HEALTH AND REHABILITATION CENTER, DEFENDANT-APPELLANT, AND PRO SCAPES, INC., DEFENDANT-RESPONDENT. 

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WOODRUFF LEE CARROLL P.C., SYRACUSE (WOODRUFF LEE CARROLL OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (KELLY J. PARE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeals from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered August 3, 2021. The order, among other things, granted the motion of defendant Pro Scapes, Inc. for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion of defendant Pro Scapes, Inc. for summary judgment dismissing the amended complaint against it, for summary judgment dismissing the cross claim against it insofar as that cross claim seeks common-law indemnification and for summary judgment on its cross claim, and reinstating the amended complaint against it and the cross claim against it insofar as that cross claim seeks common-law indemnification, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries allegedly sustained when he slipped and fell on ice and snow on the entrance ramp outside premises owned and operated by defendant Loretto Health and Rehabilitation Center (Loretto). As relevant here, Loretto had entered into a contract with defendant Pro Scapes, Inc. (Pro Scapes) for snow removal services at the facility.
On the date of the accident, Pro Scapes had been performing snow removal services from approximately 1:00 a.m. until 10:00 a.m. during a winter storm that began the day before. After Pro Scapes' employees left the facility, Pro Scapes received a call requesting that their workers return because they had done "an awful job." Pro Scapes sent two employees back to Loretto, where they shoveled from 12:10 p.m. until 12:49 p.m., and then laid down two bags of deicer. Sometime thereafter, plaintiff, who was transporting a resident of the facility inside, slipped and fell on snow and ice on the sidewalk ramp in front of the building. Plaintiff injured his knee and shoulder. In his amended complaint, as amplified by his "fourth answer to the [demand for a] bill of particulars [by Pro Scapes]" (fourth supplemental bill of particulars), plaintiff alleged, inter alia, that he had slipped on ice and snow "located in an area where a pile of snow would accumulate when plowing the circle in front of the ramp." Plaintiff further alleged that the "entrance was inadequately salted," which "caused the ice and snow . . . remaining on the walk to melt and refreeze creating additional ice" (emphasis added).
Pro Scapes moved for summary judgment dismissing the amended complaint against it, for summary judgment dismissing Loretto's cross claim against it for common-law and contractual indemnification and contribution, and for summary judgment on its cross claim [*2]against Loretto for contractual indemnification. Loretto filed a cross motion seeking, inter alia, summary judgment dismissing Pro Scapes' cross claim. Supreme Court, inter alia, granted Pro Scapes' motion and denied Loretto's cross motion. Plaintiff and Loretto now appeal.
We agree with plaintiff and Loretto that the court erred in determining that Pro Scapes did not owe plaintiff a duty of care. "As a general rule, a contractual obligation, standing alone, does not give rise to tort liability in favor of a third party" (Lorquet v Timoney Tech. Inc., 188 AD3d 1584, 1585 [4th Dept 2020] [internal quotation marks omitted]). There is an exception to that general rule, however, "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]), thereby "creat[ing] an unreasonable risk of harm to others, or increas[ing] that risk" (Church v Callanan Indus., 99 NY2d 104, 111 [2002]). That exception does not apply when "the breach of contract consists 'merely in withholding a benefit . . . where inaction is at most a refusal to become an instrument for good' " (id. at 112; see Mesler v PODD LLC, 89 AD3d 1533, 1535 [4th Dept 2011]). Rather, "a claim that a contractor [created or] exacerbated an existing condition requires some showing that the contractor left the premises in a more dangerous condition than he or she found them" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 811 [2d Dept 2013]; see Church, 99 NY2d at 112; Baker v Buckpitt, 99 AD3d 1097, 1100 [3d Dept 2012]; Yery Suh v Fleet Bank, N.A., 16 AD3d 276, 276 [1st Dept 2005]; see also Santos v Deanco Servs., Inc., 142 AD3d 137, 142 [2d Dept 2016]).
Here, plaintiff alleged in his fourth supplemental bill of particulars that Pro Scapes negligently "created, aggravated and worsened the icy condition" of the subject walkway by "[u]sing insufficient salt" for the weather conditions, which allowed the remaining ice and snow to melt and refreeze, thereby creating additional ice. Viewing the evidence in the light most favorable to plaintiff and affording him the benefit of every reasonable inference (see Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 496 [2019]; Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that Pro Scapes failed to meet its initial burden on its motion of establishing as a matter of law that it did not create or exacerbate the dangerous icy condition as alleged by plaintiff.
In support of its motion, Pro Scapes submitted excerpts of the deposition testimony of its president, who explained that salt and deicers function by lowering the freezing temperature of water and that additional moisture required additional deicing material in order to be effective. The president acknowledged that, although an appropriate amount of salt could initially be effective in melting the present ice and snow, if conditions added moisture to the area, the now-diluted salt could become ineffective and the water could then refreeze in place. While Pro Scapes' expert meteorologist opined that there was no thawing and refreezing cycle in the 24 hours prior to plaintiff's accident such that ice or snow on the sidewalk could have naturally melted and refrozen, the meteorologist failed to address whether snow and ice melted with deicer could have refrozen into ice on the sidewalk (see Battaglia v MDC Concourse Ctr., LLC, 175 AD3d 1026, 1029 [4th Dept 2019], affd 34 NY3d 1164 [2020]). Pro Scapes' submissions further showed that, after initially performing snow removal services throughout the morning, its workers had to return to the facility in the afternoon following Loretto's complaint that Pro Scapes had not done an adequate job. As the president emphasized during his deposition, Pro Scapes' form documenting the customer communication showed that Loretto reported that the sidewalk had not been properly cleared of snow, but Loretto did not refer to the presence of any ice. Pro Scapes returned in the afternoon between noon and 1:00 p.m. to shovel for approximately 40 minutes and then laid down two 50-pound bags of deicer over a period of 11 minutes, although the president was unable to pinpoint where exactly the deicer was spread. Plaintiff slipped on the wet and icy sidewalk ramp just before 5:00 p.m. later that day.
The evidence that Pro Scapes returned to address a complaint of remaining snow, but not the presence of ice, and then applied an amount of deicer, coupled with the president's testimony regarding the ineffectiveness of deicer when the amount thereof becomes diluted by additional moisture, which could lead to refreezing of the previously melted snow and ice, "raises a question of fact as to whether [Pro Scapes] negligently create[d] or exacerbate[d] a dangerous condition by using [inadequate] salt, [thereby] resulting in the formation of the ice on which plaintiff allegedly slipped" several hours later (Belmonte v Guilderland Assoc., LLC, 112 AD3d 1128, 1129 [3d Dept 2013] [internal quotation marks omitted]; see Yery Suh, 16 AD3d at 276). Thus, we conclude that the court should have denied that part of Pro Scapes' motion seeking [*3]summary judgment dismissing the amended complaint against it "regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore modify the order accordingly.
In addition, we agree with Loretto that the court erred in granting that part of Pro Scapes' motion for summary judgment dismissing Loretto's cross claim insofar as that cross claim seeks common-law indemnification (see Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1403-1404 [4th Dept 2018]; Trzaska v Allied Frozen Stor., Inc., 77 AD3d 1291, 1293 [4th Dept 2010]; cf. Grove v Cornell Univ., 151 AD3d 1813, 1816 [4th Dept 2017]), and that part of Pro Scapes' motion seeking summary judgment on its cross claim against Loretto for contractual indemnification (see Mesler, 89 AD3d at 1534). We therefore further modify the order accordingly. We have considered Loretto's remaining contentions and conclude that they are without merit.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court