Mariacher v LPCiminelli, Inc. (2024 NY Slip Op 01648)

Mariacher v LPCiminelli, Inc.

2024 NY Slip Op 01648

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, AND KEANE, JJ.

208 CA 23-00598

[*1]MATTHEW T. MARIACHER AND LOUISE MARIACHER, PLAINTIFFS,
v
LPCIMINELLI, INC., LPCIMINELLI CONSTRUCTION CORP., DEFENDANTS-RESPONDENTS, I.C. CONSTRUCTION SERVICES, INC., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
HODGSON RUSS LLP, BUFFALO (JULIE E. MIKOLAJCAK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (John B. Licata, J.), entered March 8, 2023. The order granted the motion of defendants LPCiminelli, Inc., and LPCiminelli Construction Corp. seeking contractual indemnification from defendant I.C. Construction Services, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by Matthew T. Mariacher (plaintiff) in September 2017 while he was working as a teacher assigned to bus duty outside a school. Plaintiff was standing on a sidewalk when he fell due to a drop-off between the sidewalk and the abutting grass. Plaintiffs commenced this action against defendants, various contractors who were involved in a construction project (project) at the school that was completed in July 2013. As part of the project, certain sidewalks were removed and replaced, including the sidewalk at issue here. Plaintiffs allege that the accident was caused by defendants' failure during the project to fill in the area to raise the lawn to the same height as the adjacent sidewalk.
In appeal No. 1, defendant I.C. Construction Services, Inc. (ICC) appeals from an order granting the motion of defendants LPCiminelli, Inc. (Ciminelli) and LPCiminelli Construction Corp. (Ciminelli Construction) (collectively, Ciminelli defendants) for summary judgment seeking contractual indemnification from ICC. In appeal No. 2, ICC, the Ciminelli defendants, and defendants Lisa Doucet, doing business as Shades of Color, and Shades of Color, Inc. (collectively, SOC) separately appeal from an order denying their motions for summary judgment dismissing plaintiffs' amended complaint and all cross-claims against them.
With respect to appeal No. 2, Ciminelli Construction contends that Supreme Court erred in denying that part of the motion of the Ciminelli defendants seeking summary judgment dismissing the amended complaint and all cross-claims against Ciminelli Construction because it is not a proper defendant to the action inasmuch as it had no involvement in the project. Plaintiffs do not oppose that relief, and we therefore modify the order accordingly (see generally Sochan v Mueller, 162 AD3d 1621, 1622-1623 [4th Dept 2018]).
We agree with SOC with respect to appeal No. 2 that the court erred in denying its motion for summary judgment seeking dismissal of the amended complaint and all cross-claims [*2]against it, and we therefore further modify the order accordingly. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; see Church v Callanan Indus., 99 NY2d 104, 111 [2002]). That is because "imposing liability under such circumstances could render the contracting parties liable in tort to 'an indefinite number of potential beneficiaries' " (Espinal, 98 NY2d at 139, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]). In Espinal, the Court of Appeals identified "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons" (id. at 140), only the first of which is at issue here. The first exception applies "where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk" (Church, 99 NY2d at 111; see Espinal, 98 NY2d at 140, 142-143). Stated another way, a contracting party may have assumed a duty of care where, in failing to exercise reasonable care in the performance of its duties, it " 'launche[s] a force or instrument of harm' " (Espinal, 98 NY2d at 140; see Bregaudit v Loretto Health & Rehabilitation Ctr., 211 AD3d 1582, 1583 [4th Dept 2022]).
Here, Ciminelli was the construction manager for the project and subcontracted all the work to various prime contractors, including ICC, which acted as the general contractor. The contract between Ciminelli and the City of Buffalo City School District (BCSD) included "Contract 101 - General Construction," which required Ciminelli to perform "Specification Section 02920 - Lawns and Grasses." In particular, Ciminelli was required to "renovate all existing lawn and garden areas damaged during construction . . . that are located within the project limit lines." In its contract with ICC, Ciminelli assigned Contract 101 to ICC. ICC subcontracted the sidewalk work to SOC but, in the contract between those parties, Specification Section 02920 is not listed. SOC subcontracted the sidewalk work to defendant Mark Cerrone, Inc. and did no work on the project itself.
We agree with SOC that it established that it was not responsible for filling or fine grading the area at issue, and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to plaintiffs' contention, SOC is not raising that issue for the first time on appeal (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). SOC was therefore entitled to summary judgment dismissing the amended complaint against it inasmuch as it did not create the allegedly dangerous condition in the area of plaintiff's accident (see generally Barends v Louis P. Ciminelli Constr. Co., Inc., 46 AD3d 1412, 1413 [4th Dept 2007]).
We agree with Ciminelli with respect to appeal No. 2 that the court erred in denying the motion of the Ciminelli defendants for summary judgment dismissing the amended complaint and all cross-claims against Ciminelli, and we therefore further modify the order accordingly. "The general rule in New York is that a party who retains an independent contractor is not liable for the independent contractor's negligent acts" (Tschetter v Sam Longs' Landscaping, Inc., 156 AD3d 1346, 1347 [4th Dept 2017], citing Kleeman v Rheingold, 81 NY2d 270, 273-274 [1993]), but there is an exception to that rule where there has been negligent supervision on the part of the hiring party (see Wendt v Bent Pyramid Prods., LLC, 108 AD3d 1032, 1033 [4th Dept 2013]). Here, however, as the construction manager, Ciminelli exercised only general supervisory powers over the contractors on the project. "Neither the retention of inspection privileges nor the general power to supervise and coordinate the work being done constitutes sufficient control to render [Ciminelli] liable" (Farnsworth v Brookside Constr. Co., Inc., 31 AD3d 1149, 1150 [4th Dept 2006], lv denied 7 NY3d 713 [2006]; see Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 477 [1st Dept 2011]; Barends, 46 AD3d at 1413).
Contrary to the contention of ICC with respect to appeal No. 2, the court properly denied its motion for summary judgment seeking dismissal of the amended complaint and all cross-claims against it. As explained above, the contract between Ciminelli and ICC required ICC to perform all work in Contract 101, including Specification Section 02920, and ICC failed to establish that it subcontracted that work to another contractor. We conclude that ICC remained responsible for that work.
ICC contends that it did not assume a duty of care to plaintiff under Espinal because of the lengthy passage of time between the completion of the project and the accident (four years), the fact that no complaints were made regarding the area during those years, and the fact that [*3]BCSD accepted the work. We agree with ICC that it met its initial summary judgment burden, but we conclude that plaintiffs raised a triable issue of fact in opposition. Plaintiffs submitted the affidavit and deposition of a person who worked across the street from the school. She testified and averred that there was a noticeable drop-off between the sidewalk in question and the adjoining ground and that condition had remained the same since the project was completed. There is therefore a triable issue of fact whether ICC negligently created a dangerous condition by failing to fine grade the area in a proper manner after the sidewalk was installed (see Bregaudit, 211 AD3d at 1585; cf. Green v Incorporated Vil. of Great Neck Plaza, 190 AD3d 702, 705 [2d Dept 2021]; Zorin v City of New York, 137 AD3d 1116, 1117-1118 [2d Dept 2016]; see generally Barends, 46 AD3d at 1413).
We reject ICC's further contention that it cannot be held liable because it was at most passively negligent for failing to notice or remedy the allegedly dangerous condition. "[A] party's passive omissions might . . . create or exacerbate a dangerous condition" provided there is evidence linking the failure to act to the creation or exacerbation of the condition (Santos v Deanco Servs., Inc., 142 AD3d 137, 142 [2d Dept 2016]; see Somekh v Valley Natl. Bank, 151 AD3d 783, 786 [2d Dept 2017]). Stated another way, the first Espinal exception "does not apply when the breach of contract consists merely in withholding a benefit . . . where inaction is at most a refusal to become an instrument for good" (Bregaudit, 211 AD3d at 1583-1584 [internal quotation marks omitted]). Thus, " 'a claim that a contractor [created or] exacerbated an existing condition requires some showing that the contractor left the premises in a more dangerous condition than [the contractor] found them' " (id. at 1584).
Here, viewing the evidence in the light most favorable to plaintiffs, the nonmoving parties (see Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 496 [2019]; Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that ICC left the area in question in a more dangerous condition than when the project started (see generally Bregaudit, 211 AD3d at 1585). The existing sidewalks were removed and new ones installed, but the surrounding ground was not made level with the new sidewalk. Thus, ICC was not entitled to summary judgment dismissing the amended complaint against it pursuant to Espinal (see generally Kappes v Cohoes Bowling Arena, 2 AD3d 1034, 1035 [3d Dept 2003]).
We reject ICC's contention with respect to appeal No. 1 that the court erred in granting the motion of the Ciminelli defendants for summary judgment seeking contractual indemnification. The indemnification provision in the contract between Ciminelli and ICC required ICC to indemnify Ciminelli "for damages because of bodily injuries . . . arising out of or resulting from performance of [ICC's] Work." Ciminelli established as a matter of law that it was not negligent and that plaintiff's injuries arose out of ICC's work (see Vega v FNUB, Inc., 217 AD3d 1475, 1479 [4th Dept 2023]). Contrary to ICC's contention, under the broad indemnification provision here, a
finding of negligence by ICC was not required (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; Vega, 217 AD3d at 1479).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court