Angen v De Jesus (2025 NY Slip Op 06802)

Angen v De Jesus

2025 NY Slip Op 06802

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 161519/19|Appeal No. 5335|Case No. 2024-06748|

[*1]Jamie Angen, Plaintiff-Respondent,
vMyrna De Jesus, Defendant-Respondent, Reinstein/Ross, LLC, Defendant-Appellant, Jason Jacques, Inc., et al., Defendants.

Eustace, Prezioso, Yapchanyk & Yang, New York (Miles A. Linefsky of counsel), for appellant.
Miller Eisenman & Kaunck, LLP, New York (Michael P. Eisenman of counsel), for Jamie Angen, respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about October 1, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Reinstein/Ross, LLC for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff was injured when she slipped on an icy and snowy patch on the sidewalk in front of defendant's store, which defendant operated under the terms of a lease with the building owner. According to plaintiff's testimony, she slipped and fell on the ice after stepping over a small pile of dirty snow next to the curb, and she alleged in the pleadings that defendant's negligence in removing precipitation from the sidewalk caused her injuries.
Defendant failed to establish prima facie entitlement to summary judgment, as it failed to show that its efforts to remove snow from the sidewalk abutting its premises did not create or exacerbate a hazardous condition in the area where plaintiff slipped and fell (see Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 337-338 [1st Dept 2004]; see generally Espinal v. Melville Snow Contrs., 98 NY2d 136 [2002]). The terms of defendant's lease agreement required it to remove snow and ice from the abutting sidewalk, and a witness who operated a business in the same building stated that there were occasions on which he saw defendant's security guard doing so. Furthermore, the witness that defendant produced for its deposition admitted that she did not have any knowledge of defendant's day-to-day workings as of the date of the accident. Thus, the evidence presents triable issues of fact as to whether defendant's employees created or exacerbated the icy condition when they tried to remove snow or ice from the sidewalk (see Jiuz v City of New York, 244 AD2d 298, 298 [1st Dept 1997]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025