■ ANGELO DAPPIO et al., Respondents, v PORT AUTHORITY OF N.Y. AND N.J., et al., Defendants, and HUDSON GENERAL AVIA-

TION SERVICES, INC., Appellant. [749 NYS2d 150] —In an action to recover damages for personal injuries, etc., the defendant, Hudson General LLC, sued herein as Hudson General Aviation Services, Inc., appeals from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated November 29, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew after completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint in this action alleges that the plaintiff Angelo Dappio was injured when he fell at John F. Kennedy Airport, in an "area adjacent to Gate No. 9 on the ramp between the TWA Building and the International Arrivals Building." The defendant Hudson General LLC, sued herein as Hudson General Aviation Services, Inc. (hereinafter Hudson), is a maintenance contractor hired to perform snow clearing, and other snow-related services at the airport. Hudson's contract was with a now apparently defunct organization, known as KIATA, a not-for profit corporation made up of certain air carriers, which was responsible for providing certain services at the airport. One theory of liability advanced by the plaintiffs is that Hudson created or exacerbated a hazardous condition, namely, an accumulation of ice, which caused Dappio to fall and sustain injuries.

Hudson moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not owe a duty to Dappio, since there was no privity of contract between it and Dappio, and it did not have a comprehensive and exclusive maintenance obligation at the airport. The Supreme Court denied the motion with leave to renew after completion of discovery. We affirm.

"[I]rrespective of the attendant contractual obligations, tort liability to a third person may arise where *'the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm,* or has stopped where inaction is at most a refusal to become an instrument for good'" (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 139, quoting *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168 [emphasis in original]). A defendant who, upon undertaking to render services pursuant to a contract, negligently creates or exacerbates a dangerous condition, may be said to have " 'launche[d] a force or instrument of harm' " (*Espinal v Melville Snow Contrs., supra* at 140, quoting *Moch Co. v Rensselaer Water Co., supra* at 168). Since Hudson failed to make a prima facie showing that

it did not create or exacerbate a dangerous condition, the Supreme Court properly denied its motion for summary judgment, with leave to renew upon completion of discovery. Santucci, J.P., Krausman, Luciano and Feuerstein, JJ., concur.