■ Amy Prenderville et al., Appellants, v International Service Systems, Inc., et al., Respondents, et al., Defendant. [781 NYS2d 110]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered January 9, 2003, which granted defendants-respondents' motion and cross motion for summary judgment dismissing the complaint and all cross claims, unanimously reversed, on the law, without costs, the motion denied, the complaint and cross claims reinstated as against said defendants, and the matter remanded for further proceedings.

Plaintiff Amy Prenderville sustained personal injuries as a result of a slip-and-fall accident at the corner of Broadway and Cortlandt Street on January 16, 1996. Plaintiff, and her husband suing derivatively, commenced the instant action against defendants O&Y Liberty Plaza Co., the owner of the adjacent building at One Liberty Plaza, and International Service Systems, Inc. (ISS), the maintenance contractor hired by O&Y. Also named a defendant was the City of New York, as owner of the public sidewalk and street where the accident occurred.* The complaint alleges that ISS and O&Y created a hazardous condition on the street corner by their negligent snow removal methods. Both defendants answered the complaint, and O&Y cross-claimed against ISS for contribution and indemnification.

In her deposition testimony, the injured plaintiff stated that on the day of the accident, she was working at One Liberty Plaza and left the premises at 12:15 P.M. She noticed that snow from a recent heavy snowfall "was banked up" near the street edge of the sidewalks, but the remainder of the sidewalk was clear and dry. Plaintiff walked to the corner of Broadway and Cortlandt Street, where she stepped into the disability curb cut to wait for the crossing light. The curb cut was made of "reddish gray marble," rather than the typical concrete, and appeared to be wet or had a "sheen" to it. As plaintiff stood in the curb cut, she noticed large puddles on each side of it, which she believed came from the melting banks of snow along the edge of the sidewalk.

When the light changed, plaintiff took two steps and slipped on the surface of the curb cut. Plaintiff landed in a puddle that was icy and slushy. As she lay in the puddle, she felt a portion of

---

* As the City is not a party to this appeal, its arguments with respect to the order being appealed will not be discussed.

the curb cut with her hand and felt "granular slushy ice" that was "more in the treads of the curb cut." She further testified that "[i]t didn't look like a sheet of ice, just like there was some thin ice within the treads . . ."

The maintenance service contract required ISS to: "Remove snow from sidewalks, plaza park area and Building entrances and approaches . . . and remove snow at street crosswalks adequate for pedestrian access, all as and when required." In relevant part, the indemnity provision of the service contract required ISS to indemnify and save harmless O&Y from any personal injury claim arising out of the former's maintenance work "and which shall be in whole or in part due to the result of any act, omission, negligence, carelessness or unlawful conduct" of ISS.

After discovery, ISS moved for summary judgment, arguing that it did not owe the injured plaintiff a duty of care by virtue of its service contract with O&Y; that even if it owed such a duty, it was not liable due to the absence of actual or constructive notice of the hazard; and that O&Y's cross claims should be dismissed because it was not liable for these injuries, and because the indemnification clause was void under General Obligations Law § 5-322.1. O&Y cross-moved for summary judgment, citing its contractor's proper snow removal efforts and the lack of notice. Alternatively, O&Y moved for summary judgment on its cross claims against ISS for common-law and contractual indemnification.

Supreme Court granted the motion and cross motion for summary judgment dismissing the complaint and cross claims against both ISS and O&Y, and severed those claims from the remaining claims against the City. The court ruled that ISS and O&Y had made a prima facie showing that "they did not create or make worse the condition, and did not have advance actual or constructive notice of the condition," and that plaintiffs failed to raise a triable issue of fact.

On appeal, plaintiffs argue that both ISS and O&Y failed to establish entitlement to judgment as a matter of law, and that, in any event, the evidence in the record raised a triable issue as to whether these defendants had created or exacerbated a hazardous condition by their negligent snow removal methods. We agree.

Contrary to defendants' arguments and Supreme Court's holding, we find that ISS and O&Y failed to meet their initial burden of making a prima facie showing of entitlement to judgment as a matter of law (*see Dappio v Port Auth. of N.Y. & N.J.*, 299 AD2d 310, 311-312 [2002]). A property owner, such as O&Y

here, generally owes no duty to pedestrians to remove snow and ice that naturally accumulates on the sidewalk in front of its premises, but if it undertakes to do so, it may be held liable in negligence where its acts create or increase the hazards (*Jiuz v City of New York*, 244 AD2d 298 [1997]; *see also Nadel v Cucinella*, 299 AD2d 250, 251-252 [2002]).

With respect to ISS, although "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]), an exception exists where a contractor who undertakes to perform services pursuant to a contract negligently creates or exacerbates a dangerous condition so as to have "launched a force or instrument of harm" (*H.R. Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see also Espinal*, 98 NY2d at 141-142; *Dappio*, 299 AD2d at 311; *Genen v Metro-North Commuter R.R.*, 261 AD2d 211, 212 [1999]). Thus, in order to make a prima facie showing of entitlement to judgment as a matter of law, ISS and O&Y were required to establish that they did not perform any snow removal operations with respect to the condition that caused this plaintiff's injury, or, alternatively, that if they did perform such operations, those efforts did not create or exacerbate a dangerous condition. These defendants failed in both respects.

There is ample evidence in the record to conclude that ISS did indeed perform snow removal operations on behalf of O&Y. An ISS supervisor testified at deposition that pursuant to contract, ISS was required to remove all snow and ice from the surrounding sidewalks, plazas and curb cuts. An O&Y building manager confirmed ISS's role as the exclusive maintenance contractor, and further testified that he, on behalf of O&Y, inspected the work done by ISS on a daily basis. Further, a security guard on duty on the date of the accident testified as to having seen ISS employees performing snow removal operations.

In light of the proof that ISS and O&Y did engage in snow removal efforts, the question remains whether they made a prima facie showing that they did not create or exacerbate a hazard. The nature of the evidence relied upon by these defendants mandates a finding that they made no such showing. At their depositions, both the O&Y and ISS employees testified that they had no personal recollection of the condition of the curb cut on the date of this accident, or the nature and extent of snow removal operations on the relevant days. Instead, both witnesses testified that the ordinary snow removal procedures required complete snow removal from the areas required under

the contract. Given these defendants' silence with respect to the actual snow removal operations at issue here, their alleged prima facie showing was patently insufficient. Accordingly, since ISS and O&Y defendants failed to meet their initial burden on the motion, such motion should have been denied regardless of the sufficiency of plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Raynor-Brown v Garden City Plaza Assoc.*, 305 AD2d 572, 573-574 [2003]).

Even had these defendants met their initial burden, plaintiffs have cited sufficient evidence to raise a triable issue of fact whether defendants created or exacerbated a dangerous condition. Although conclusory allegations that a defendant's snow removal operations created or increased a dangerous snow-related hazard are insufficient to impose liability (*see Espinal*, 98 NY2d at 141-142), plaintiffs have offered facts here which support their claim that the snow removal efforts of ISS and O&Y created a hazardous condition in the curb cut (*see Genen*, 261 AD2d at 212). Such facts include the injured plaintiff's testimony that she slipped on slushy ice on a curb cut that was immediately between two piles of snow banked up along the sidewalk. She further stated that the curb cut was marble, not concrete, and that she observed that no sand or salt had been spread in the area. This testimony created a reasonable inference that the incomplete snow removal operations created or exacerbated the hazardous condition on the curb cut (*see Tucciarone v Windsor Owners Corp.*, 306 AD2d 162 [2003]; *Santiago v New York City Hous. Auth.*, 274 AD2d 335 [2000]; *Genen*, 261 AD2d at 212; *see also Figueroa v Lazarus Burman Assoc.*, 269 AD2d 215, 217 [2000]).

Although the motion court had no occasion to address the indemnification claims, these claims were improperly dismissed. Even though the personal injury claim clearly falls within the indemnification clause since it arises out of ISS's work under the service contract, the indemnification claims cannot be resolved summarily until a determination is made as to whether O&Y is free from negligence. Contrary to O&Y's argument, there is evidence in the record that raises a triable issue as to active negligence with respect to its daily inspections of ISS's snow removal work (*see Linarello v City Univ. of N.Y.*, 6 AD3d 192 [2004] [construction manager's motion for conditional judgment of indemnification properly denied on ground that it failed to demonstrate freedom from negligence]; *cf. Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-469 [1998]). Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.