■ GINA GRANT, Respondent, v CAPRICE MANAGEMENT CORPORATION et al., Defendants, and CAPRIS & CAPRI WINDOW CORP., Appellant. [841 NYS2d 555]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 27, 2007, which, to the extent appealed from, denied the cross motion of defendant Capris & Capri Window Corp. (Capris) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The court properly denied Capris' cross motion for summary judgment in this action in which plaintiff seeks damages for injuries she allegedly sustained when a window installed by Capris fell out of its tracks and struck her in the head as she attempted to close it. Although a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third person (*see Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990]), an exception exists where a contractor who undertakes to perform services pursuant to a contract negligently creates or exacerbates a dangerous condition so as to have "launched a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141-142 [2002], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). The allegation that Capris negligently installed the window with defective parts causing it to fall out of its track falls within this exception (*see e.g. Bienaime v Reyer*, 41 AD3d 400 [2007]; *Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 336-338 [2004]). Triable factual issues exist concerning what parts Capris replaced, whether the part was replaced by someone else or whether Capris altered or repaired the spring latch mechanism provided by the window manufacturer prior to or during installation, and whether the window was negligently installed. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.