■ BRENDA CORNELL, Respondent, v 360 WEST 51ST ST. REALTY, LLC, et al., Respondents, et al., Defendants. 360 WEST 51ST ST. REALTY, LLC, et al., Third-Party Plaintiffs-

Respondents, v SUPREME SERVICES OF NEW YORK INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [857 NYS2d 124]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered August 23, 2007, which denied the motion by third-party defendant Supreme Services for summary judgment dismissing the third-party complaint against it and granted plaintiff's cross motion to amend the complaint naming Supreme as a direct defendant, unanimously affirmed, with costs.

Plaintiff alleges she was injured by hazardous substances released into the air during demolition work performed by 360 West 51st Street Realty and the Brusco Realty defendants (including the latter's property manager, Baranoff). Those defendants commenced a third-party action against Supreme Services, alleging negligent removal of debris from the basement of the apartment building.

Although "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]), an exception exists where a contractor who undertakes to perform services pursuant to a contract negligently creates or exacerbates a dangerous condition by launching its own "force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see also Espinal*, 98 NY2d at 141-142; *Grant v Caprice Mgt. Corp.*, 43 AD3d 708 [2007]; *Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334 [2004]). Plaintiff's allegation that Supreme negligently removed the debris falls within this exception (*see id.* at 336-338). The record in this case presents triable issues of fact regarding the manner in which Supreme performed the work for which it had been hired.

We have examined Supreme's challenge to its addition as a direct party defendant and find it without merit. Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.