CARMEN GARCIA et al., Respondents, v MACK-CALI REALTY CORPORATION et al., Respondents-Appellants, MATTHEW AND TONY GENERAL LANDSCAPING, INC., Respondent-Respondent, and ANTONIO GRECO, INC., Doing Business as TG LANDSCAPING, INC., Appellant-Respondent. [861 NYS2d 26]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about November 26, 2007, which, in an action for personal injuries sustained in a slip and fall on ice in a parking lot, denied the motion of defendant Antonio Greco, Inc. (AGI) for summary judgment dismissing the complaint and all cross claims as against it, granted the cross motion of defendant Matthew and Tony General Landscaping, Inc. (M & T) for summary judgment dismissing the complaint as against it, denied the cross motion of defendant landowners (Mack-Cali) to the extent they sought summary judgment dismissing the complaint and

all cross claims as against them and granted so much of Mack-Cali's cross motion for conditional summary judgment as against M & T for indemnification to the extent M & T had not already assumed a duty to defend and indemnify, and as limited by Mack-Cali's negligence, if any, found to be a substantial factor in the cause of plaintiff Garcia's injuries, unanimously affirmed, without costs.

Plaintiff Garcia was injured when she slipped and fell on a patch of ice in the parking lot of Mack-Cali's office complex. Mack-Cali contracted with M & T to perform snow removal at the location, and M & T subcontracted such work to AGI. The record establishes that triable issues of fact exist regarding whether Mack-Cali retained a measure of control over the snow removal operations it contracted out to M & T. The contract between Mack-Cali and M & T was not comprehensive and exclusive (*see e.g. Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]), and testimonial evidence shows that Mack-Cali retained some oversight of, and, on occasion, participated in, the snow/ice removal process (*see e.g. Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 337-338 [2004]). However, M & T's subcontract with AGI was, by its terms, comprehensive and exclusive as to AGI, and there was no evidence that M & T had retained any control over the performance of the subcontract.

Plaintiff's testimony that there was a two-inch snowfall the day before her fall, and that there were large patches of ice in the parking lot where she fell, raise issues of fact as to notice of the alleged hazardous condition. Furthermore, the subcontract called for the application of sand and salt where necessary, and AGI agreed to monitor temperature fluctuations and the potential for refreezing. Accordingly, there are factual questions regarding whether AGI properly performed its obligations under the subcontract (*compare Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]). Contrary to the argument that dismissal of the complaint was warranted because the patch of ice plaintiff slipped on was open and obvious, plaintiffs' negligence claims were primarily based on the alleged failure to maintain the premises in a safe condition, not on a failure to warn (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72 [2004]). Even assuming that the hazardous condition was open and obvious, such evidence would go toward the issue of comparative negligence (*id.* at 72-73).

Based on the evidence that the conduct of Mack-Cali could have been a substantial factor in causing plaintiff's injury, the motion court properly granted Mack-Cali conditional summary judgment on its contractual indemnification claim as against M

& T to the extent indicated (*see Prenderville*, 10 AD3d at 338). Concur—Lippman, P.J., Tom, Andrias and Saxe, JJ.