■ DALE RINA et al., Respondents, v WINDEMERE HOME OWNERS ASSOCIATION, INC., et. al., Respondents, and DEBENEDITTIS LANDSCAPING, INC., Appellant. [887 NYS2d 231]—

In an action to recover damages for personal injuries, etc., the defendant DeBenedittis Landscaping, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court,

Nassau County (Diamond, J.), dated July 17, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Dale Rina (hereinafter the plaintiff) was injured when he slipped and fell on ice in the driveway of a home owned by defendants Robert Silverman and Debra Laitman Silverman (hereinafter together the Silvermans), which was located inside a gated community. Thereafter, the plaintiff and his wife, suing derivatively, commenced this action against, among others, the Silvermans and the defendant DeBenedittis Landscaping, Inc., the company responsible under a contract with the defendant Windemere Home Owners Association, Inc., for snow removal services.

Contrary to the appellant's contention, the Supreme Court did not err in denying its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. It did not establish, prima facie, that it did not launch a force or instrumentality of harm, or create or exacerbate a dangerous condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469 [2008]; *Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 337 [2004]).

The appellant's remaining contentions are without merit. Fisher, J.P., Balkin, Hall and Austin, JJ., concur. [*See* 2008 NY Slip Op 32082(U).]