■ YVONNE D. MOSCA et al., Respondents, v OCE HOLDING, INC., Appellant. [898 NYS2d 204]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), dated June 1, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Yvonne D. Mosca (hereinafter the plaintiff) allegedly tripped and fell after catching her foot under a rail extending horizontally from the base of a photocopier. Thereafter, the plaintiff and her husband, suing derivatively, commenced this action against the defendant, the company which

provided repair services for the photocopier. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied its motion.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. A party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort, to third persons where, inter alia, "the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [internal quotation marks omitted]). Here, in moving for summary judgment, the defendant failed to establish, prima facie, that it did not create or exacerbate a dangerous condition so as to have launched a force or instrumentality of harm (*id.*; *Rina v Windemere Home Owners Assn., Inc.*, 66 AD3d 756, 757 [2009]; *Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469 [2008]; *Prenderville v International Serv. Sys., Inc.*, 10 AD3d 334, 337 [2004]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In light of this determination, we need not examine the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Rapps v City of New York*, 54 AD3d 923, 924 [2008]). Mastro, J.P., Miller, Austin and Roman, JJ., concur.