■ Vincent J. Faulkner et al., Appellants, v City of New York et al., Defendants, and Jack's Insulation Contracting Corp., Doing Business as J.I.C.C. Industries, Respondent. [913 NYS2d 724]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kerrigan, J.), entered August 5, 2009, as, upon an order of the same court dated April 23, 2009, inter alia, granting that branch of the motion of the defendant Jack's Insulation Contracting Corp., doing business as J.I.C.C. Industries, which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

While performing maintenance work on an escalator motor at

Shea Stadium, the plaintiff Vincent J. Faulkner (hereinafter the plaintiff) allegedly sustained injuries when a permanently installed ladder in the pit in which the motor was located gave way as he attempted to descend it to the bottom of the pit. Thereafter, he and his wife, suing derivatively, commenced this action against Jack's Insulation Contracting Corp., doing business as J.I.C.C. Industries (hereinafter JICC), alleging that at some point prior to his accident, JICC performed work at Shea Stadium pursuant to a contract with the City of New York, and that his injuries were caused by JICC's negligence in connection with its performance of such work. That action was subsequently consolidated with a separate action commenced against the City, among others, by the plaintiff and his wife, suing derivatively.

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of JICC's motion which was for summary judgment dismissing the complaint insofar as asserted against it. A party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable to third persons where, inter alia, "the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [internal quotation marks omitted]; *see Mosca v OCE Holding, Inc.*, 71 AD3d 1103, 1104 [2010]; *Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469, 470 [2008]). Here, JICC established its prima facie entitlement to judgment as a matter of law by proffering the affidavit of one of its employees, who averred that JICC had not cut, altered, or otherwise done anything to the ladder in the escalator pit when it replaced a door to the escalator pit more than one year before the plaintiff's accident occurred (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs' speculative assertions that JICC detached and failed to properly resecure the ladder when it replaced the escalator pit door were unsupported by any evidence and, thus, were insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Jones v City of New York*, 45 AD3d 735, 736 [2007]).

The plaintiffs' remaining contention is without merit. Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.