■ STANLEY J. KOGAN et al., Respondents, v NORTH STREET COMMUNITY, LLC, et al., Respondents, et al., Defendants. NORTH STREET COMMUNITY, LLC, et al., Third-Party Plaintiffs-Respondents-Appellants, v NINO TRIPICCHIO & SON LANDSCAPING et al., Third-Party Defendants-Appellants. [916 NYS2d 59]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered May 19, 2010, which, insofar as appealed from, denied the motion by North Street Community, LLC, 311 North Street, LLC, and Bettina Equities Company, LLC (collectively North Street) for summary judgment dismissing the complaint as against them, denied Tripicchio's motion for summary judgment dismissing the third-party complaint as against it, and implicitly denied third-party defendant Merchants Mutual Insurance Company's motion for summary judgment declaring

that it has no obligation to provide insurance coverage for North Street in connection with the first-party action and dismissing the third-party complaint and all cross claims against it, unanimously modified, on the law, to grant Tripicchio's motion and to grant Merchants' motion and declare that it has no obligation to provide insurance coverage for North Street in connection with the first-party action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of Tripicchio dismissing the third-party complaint as against it and judgment in favor of Merchants dismissing the third-party complaint and all cross claims against it.

North Street submitted certified weather records and an expert meteorologist's affidavit showing that temperatures on the day before the accident rose to 61 or 62 degrees and that any ice that might have formed overnight would have melted by the time of plaintiff's accident. Thus, North Street established prima facie that it neither created nor had notice of an icy condition in its parking lot (see Smith v. Costco Wholesale Corp., 50 AD3d 499, 500-501 [2008]; Baptiste v 1626 Meat Corp., 45 AD3d 259 [2007]). Plaintiff's testimony that he slipped on a 2½-foot-by-1½-foot patch of ice, coupled with his expert's affidavit stating that ice had formed by 3:00 A.M. and would not have melted by the time of plaintiff's fall, raised issues of fact as to North Street's notice of the alleged icy condition (see Garcia v Mack-Cali Realty Corp., 52 AD3d 420 [2008]).

Pursuant to its "Contract for Maintenance & Snow Plowing" with North Street Community, LLC, Tripicchio was required only to "snow plow if needed" for three winter months (including, without dispute, January 2006, the month of plaintiff's accident). On its face, the contract called for salt to be applied only after plowing had been performed. North Street's on-site property manager testified that Tripicchio was required to inspect for refreezing only in the event of snowfall. It is undisputed that, on January 18, the day before the accident, the temperature reached at least 61 degrees, and there was rain but no snow. There is no evidence in the record of any snowfall after January 15, when about one-half inch of mixed snow and sleet fell, with only "trace" accumulation, and it is undisputed that the temperature would have caused any snow remnants to melt by midnight on January 18. In sum, there is no record of any snowfall event that could have triggered Tripicchio's duty to either plow or inspect the premises for refreezing on the morning of the accident. Accordingly, plaintiff's fall did not arise from Tripicchio's performance of its work. Therefore, North Street is not entitled to contractual indemnification

against Tripicchio. Because Tripicchio had no liability for plaintiff's accident, North Street is also not entitled to contribution or common-law indemnification against it (*see Mas v Two Bridges Assoc.*, 75 NY2d 680, 689-690 [1990]).

Finally, even were we to find Tripicchio liable, recovery would not lie against Merchants. North Street learned of the accident approximately two weeks after it occurred, but failed to notify Merchants until four months later. This delay rendered the notice untimely under a provision in Tripicchio's policy requiring that Merchants be notified of an occurrence "as soon as practicable." Thus, Merchants had no obligation to North Street under the policy (*see Republic N.Y. Corp. v American Home Assur. Co.*, 125 AD2d 247 [1986]). In view of the foregoing, we do not reach Merchants' remaining insurance-related issues. Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 31202(U).]**