■ Joseph Kramer, Respondent, v Virginia Cury, Respondent, and V.S.R. Mechanical Corp., Appellant, et al., Defendants. (And a Third-Party Action.) [937 NYS2d 855]—

Dismissal of the complaint as against VSR is not warranted in this action where plaintiff sustained injuries when he allegedly fell in a trench in the workshop of a boat motor repair shop. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, "an exception exists where a contractor who undertakes to perform services pursuant to a contract negligently creates or exacerbates a dangerous condition by launching its own 'force or instrument of harm'" (*Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469, 470 [2008], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). Here, the record presents triable issues of fact as to whether VSR directed the digging of the subject trench, and did further digging in it once the trench was created (*see Grant v Caprice Mgt. Corp.*, 43 AD3d 708 [2007]). Concur—Tom, J.P., Sweeny, Acosta, Renwick and Román, JJ.