■ TD BANK, N.A., Formerly Known as COMMERCE BANK, N.A., Plaintiff, and LAWRENCE EQUITY HOLDINGS, LLC, Appellant, v 126 SPRUCE STREET, LLC, et al., Respondents. [985 NYS2d 599]—

In an action, inter alia, to foreclose a mortgage, the plaintiff Lawrence Equity Holdings, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated September 13, 2012, as denied, in effect, as premature, that branch of its motion which was for summary judgment on its cause of action for foreclosure.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Although the plaintiff Lawrence Equity Holdings, LLC (hereinafter Lawrence), demonstrated its prima facie entitlement to judgment as a matter of law on its cause of action for foreclosure (*see Citibank, N.A. v Van Brunt Props., LLC*, 95 AD3d 1158, 1159 [2012]; *Zanfini v Chandler*, 79 AD3d 1031, 1032 [2010]; *HSBC Bank USA v Merrill*, 37 AD3d 899, 900 [2007]; *Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545, 546 [2005]), the Supreme Court properly denied, in effect, as premature, that branch of its motion which was for summary judgment on that cause of action (*see Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d 578 [2009]; *Ruiz v Griffin*, 50 AD3d 1005, 1006 [2008]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 792-793 [1988]). "CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when

it appears that facts supporting the position of the opposing party exist but cannot be stated" (*Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d at 637; *see Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d at 578; *Ruiz v Griffin*, 50 AD3d at 1006). "This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport*, 143 AD2d at 793; *see Aurora Loan Servs., LLC v LaMattina & Assoc., Inc.*, 59 AD3d at 578). Here, the defendant Club Central, LLC, raised issues warranting further discovery. Accordingly, the Supreme Court properly denied, in effect, as premature, that branch of Lawrence's motion which was for summary judgment on its cause of action for foreclosure. Rivera, J.P., Chambers, Austin and Duffy, JJ., concur.