■ Lydia Mantilla, Plaintiff, v Riverdale Equities, Ltd., et al., Respondents, and TruGreen Landcare, L.L.C., Appellant/Third-Party Defendant-Appellant. Washington Mutual, Inc., Also Known as JP Morgan Chase & Co., Third-Party Plaintiff-Respondent. (And Another Third-Party Action.) [21 NYS3d 260]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered August 20, 2014, which, to the extent appealed from as limited by the briefs, denied third-party defendant TruGreen Landcare, L.L.C.'s motion for summary judgment dismissing third-party plaintiff Washington Mutual Inc.'s claim for contractual indemnification, unanimously affirmed, with costs.

In this slip and fall action, plaintiff seeks to recover damages for injuries she sustained when she fell on snow and ice on the public sidewalk in front of a bank branch leased by defendant/third-party plaintiff Washington Mutual. Washington Mutual had entered into an agreement with third-party defendant TruGreen, requiring TruGreen to clear snow and ice from the sidewalk and to indemnify Washington Mutual, to the fullest extent permitted by law, against claims, inter alia, arising from its performance of its work or from its breach of the agreement. The agreement provides that, in the event of joint or concurrent negligence, TruGreen's obligation is limited to the extent of its own negligence, and that TruGreen has no obligation to indemnify Washington Mutual against its "sole negligence." The record indicates that TruGreen subcontracted its work to another company, which never cleared the sidewalk because TruGreen gave it the wrong address.

The motion court granted the portion of TruGreen's motion seeking dismissal of plaintiff's negligence cause of action against it because, as a contractor, it does not owe a duty of care to plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]), and that holding is not at issue on appeal. Contrary to TruGreen's argument, the dismissal of plaintiff's direct negligence claim against it does not preclude a finding that TruGreen is obligated to indemnify Washington Mutual under the terms of their contract for failure to perform the snow removal services which it was retained to perform (*see Garcia v Mack-Cali Realty Corp.*, 52 AD3d 420, 420-422 [1st Dept 2008]; *Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675, 677 [2d Dept 2010]; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2d Dept 2003]). TruGreen's argument that the indemnification provision violates General Obligation Law § 5-322.1, or the equivalent Washington State law, is also without

merit, since the agreement expressly limits TruGreen's indemnification obligation in a manner consistent with that law (*see Tamhane v Citibank, N.A.*, 61 AD3d 571, 573 [1st Dept 2009]). Concur—Tom, J.P., Renwick, Saxe and Kapnick, JJ.