Cardenas v Somerset Partners, LLC (2018 NY Slip Op 00797)





Cardenas v Somerset Partners, LLC


2018 NY Slip Op 00797


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


5611 154591/13

[*1]Pedro Cardenas, Plaintiff-Respondent,
v
Somerset Partners, LLC, et al., Defendants-Respondents, GM Glass & Mirror Inc., Defendant-Appellant.


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for appellant.
Nguyen Leftt P.C., New York (Stephen D. Chakwin, Jr of counsel), for Pedro Cardenas, respondent.
Law Office Of Harris, King, Fodera & Correia, New York (Brian S. Liferiedge of counsel), for Somerset Partners, LLC, 450 Park Avenue LLC, Jones Lang LaSalle Americas, Inc., Banco Bradesco, S.A., Janko Rasic Architects and John Gallin & Son, Inc., respondents.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered September 21, 2015, which denied defendant GM Glass & Mirror, Inc.'s (GM Glass) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff seeks damages for injuries he allegedly sustained when he walked into a floor-to-ceiling clear glass wall installed by GM Glass. Although GM Glass, in support of its motion, was entitled to rely on documentary evidence and depositions of other parties' witnesses (see Olan v Farrell Lines, 64 NY2d 1092, 1093 [1985]), the evidence that it submitted failed to establish that it properly installed the glass wall with blue tape or other markings, or that it owed no duty to plaintiff with respect to its work.
Issues of fact exist as to whether GM Glass was still on site at the time of the accident, whether it was responsible for installing and maintaining blue marking tape on the glass wall, and whether it failed to do so, thereby exacerbating or creating a dangerous condition so as to have "launched a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002] [internal quotation marks and emphasis omitted]; see Kramer v Cury, 92 AD3d 484 [1st Dept 2012]; Grant v Caprice Mgt. Corp., 43 AD3d 708 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK