Vukel v Joan DiGirolomo Irrevocable Trust (2019 NY Slip Op 03649)





Vukel v Joan DiGirolomo Irrevocable Trust


2019 NY Slip Op 03649


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-01784
 (Index No. 702533/15)

[*1]Almir Vukel, et al., respondents, The 
v
Joan DiGirolomo Irrevocable Trust, et al., appellants, et al., defendants (and a third-party action).


Neil R. Finkston, Great Neck, NY, for appellants.



DECISION & ORDER
In an action, inter alia, to recover a down payment on a contract for the purchase of proprietary shares of a cooperative apartment corporation, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 30, 2017. The order, insofar as appealed from, granted the plaintiffs' motion for summary judgment on the cause of action to recover the down payment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion for summary judgment on the cause of action to recover the down payment is denied.
On November 11, 2014, the plaintiffs entered into a contract with the defendant The Joan DiGirolomo Irrevocable Trust to purchase proprietary shares of a cooperative apartment corporation for property located in Whitestone. The contract was later amended to name the defendant Joan DiGirolomo as the seller. In accordance with the terms of the contract, the plaintiffs gave the defendants a deposit of $37,200. The contract provided that the sale was subject to the "unconditional consent" of the Board of the cooperative apartment corporation (hereinafter the Board), and that the plaintiffs were required, in good faith, to provide an application with all necessary documentation to the Board and to "promptly" submit "such further references, data and documents reasonably requested." In the event the Board denied the plaintiffs' application, the plaintiffs were entitled to the return of their down payment, unless the Board's denial was due to the plaintiffs' "bad faith conduct."
The plaintiffs met with the Board on January 22, 2015, and submitted the application and fees. At the interview, the Board requested that the plaintiffs provide additional documentation to supplement their application. The plaintiffs submitted additional documents to the Board on January 23, 2015. On January 28, 2015, the Board rejected the plaintiffs' application without explanation. On February 2, 2015, the plaintiffs' attorney wrote to the defendant Alfred DiGirolomo, Jr., who was the attorney for the seller, to request the return of the down payment, a request that was rejected on the ground that the seller was entitled to retain the down payment due to the plaintiffs' failure to use due diligence in submitting a truthful application to the Board and by failing to submit documentation requested by the Board. A second rejection letter was issued by the Board on February 11, 2015. On February 19, 2015, the plaintiff Almir Vukel and his attorney sent letters, inter alia, to the attorneys for the seller and the Board requesting reconsideration of the [*2]Board's determination, asserting that the plaintiffs had submitted documents to the Board when originally requested, and submitting copies of documents with respect to an income producing property in New Jersey owned by Almir Vukel and his brother. Thereafter, the attorneys for the seller reiterated the refusal to return the down payment based on the plaintiffs' breach.
The plaintiffs commenced this action, inter alia, to recover the $37,200 down payment. The defendants filed a third-party action against the cooperative apartment corporation and related entities. The plaintiffs moved for summary judgment on the cause of action to recover the down payment, although discovery was not complete at the time of their motion. The Supreme Court granted their motion, finding that the plaintiffs demonstrated, prima facie, that they timely complied with the Board's request for additional documentation, and that the defendants failed to raise a triable issue of fact in response. The defendants appeal.
The affidavits of Almir Vukel and the plaintiffs' real estate attorney, demonstrating that the plaintiffs had promptly met with the Board for an interview, submitted an application for approval, and responded to requests for the Board, were sufficient to meet the plaintiffs' prima facie burden of establishing their entitlement to judgment as a matter of law (see Faulkner v City of New York, 79 AD3d 796; Alter v Levine, 57 AD3d 923). However, in opposition to the plaintiffs' motion, Alfred DiGirolomo, Jr., averred that the plaintiffs had failed to submit documentation requested by the Board and that the defendants had served demands on the third-party defendants to secure the documentation and testimony with respect to, inter alia, the requests for documentation made by the Board to the plaintiffs, the plaintiffs' responses to such requests, and whether the failure to produce documentation was a basis for the denial of the plaintiffs' application. Alfred DiGirolomo, Jr., further averred that, at the time the plaintiffs' motion for summary judgment was made, there was a pending motion by the defendants to strike the answer of the third-party defendants based on their failure to provide discovery. In support of the motion to strike the third-party defendants answer, the defendants asserted that the absence of discovery was severely prejudical, as the responses to their discovery requests formed the basis for their defense to the plaintiffs' cause of action to recover the down payment.
CPLR 3212(f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated (see TD Bank, N.A. v 126 Spruce Street, LLC, 117 AD3d 716, 717). " This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion'" (id. at 717, quoting Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 793). Here, in opposition to the plaintiffs' motion for summary judgment, the defendants sufficiently demonstrated that testimony and documents supporting the defendants' position may exist but have not yet been disclosed. Indeed, as the Supreme Court noted in a prior order, "the Board themselves would be able to offer evidence regarding the content of its decision that is in question." Since the relevant facts as to what transpired between the plaintiffs and the Board are in the possession of the plaintiffs and the third-party defendants, the defendants should have been afforded the opportunity to obtain discovery from these parties prior to the granting of summary judgment against the defendants.
Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the cause of action to recover the down payment.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court