Ray v Apple Sq. LLC (2019 NY Slip Op 05336)





Ray v Apple Sq. LLC


2019 NY Slip Op 05336


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9797 23245/14E

[*1]Hassina Ray, Plaintiff-Respondent,
v
Apple Square LLC, et al., Defendants-Respondents, McGuire's Service Corp, Defendant-Appellant.
JPMorgan Chase Bank, N.A., sued herein as JPMorgan Chase Bank National Association, Third-Party Plaintiff-Respondent,
v
McGuire's Service Corp., Third-Party Defendant-Appellant.


Cascone & Kluepfel, LLP, Garden City (Beth L. Rogoff Gribbins of counsel), for appellant.
Bader & Yakaitis, LLP, New York (Jesse M. Young of counsel), for Hassina Ray, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Apple Square LLC, JPMorgan Chase Bank, N.A. and JPMorgan Chase National Association, respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered June 11, 2018, which, insofar as appealed from as limited by the briefs, denied the motion of defendant McGuire's Service Corp. (McGuire's) for summary judgment dismissing the complaint, cross claims as against it, and the third-party complaint, unanimously affirmed, without costs.
McGuire's failed to establish prima facie entitlement to judgment as a matter of law in this action where plaintiff alleges that she was injured when, after exiting her vehicle, she slipped on a patch of black ice that was present in the parking lot that McGuire's had plowed. McGuire's failed to demonstrate that its snow removal efforts did not create or exacerbate a dangerous condition (see Barrett v Aero Snow Removal Corp., 167 AD3d 519, 520-521 [1st Dept 2018]; Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 337-338 [1st Dept 2004]; see generally Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). Neither the president of McGuire's nor its painting supervisor provided evidence based on personal knowledge as to the work that was actually performed in the parking lot two days before the accident and as to its condition after the work was completed. The logbook entries were too general and did not [*2]specifically refer to the accident site, and the painting supervisor did not know if he inspected the area after the work was done.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK