Murphy v Goldman Sachs Group, Inc. (2021 NY Slip Op 05669)





Murphy v Goldman Sachs Group, Inc.


2021 NY Slip Op 05669


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Index No. 150517/17 Appeal No. 14311 Case No. 2020-03425 

[*1]James Murphy, Plaintiff-Appellant-Respondent,
v
The Goldman Sachs Group, Inc., et al., Defendants-Respondents, ABM Janitorial Services - Northeast, Inc. Sued Herein as ABM Industries, Incorporated, et al., Defendants-Respondents-Appellants.


Kevin E. Rockitter, P.C., Woodbury (Kevin E. Rockitter of counsel), for appellant-respondent.
McGiff Halverson Dooley LLP, Patchogue (Daniel O'Connell of counsel), for ABM Janitorial Services - Northeast, Inc. and ABM Industries, Incorporated, respondents-appellants.
McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for Jones Lang LaSalle Americas, Inc., respondent-appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York (Suzanne Swanson of counsel), for respondents.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered August 7, 2020, which, insofar as appealed from, granted defendants' motions for summary judgment dismissing the complaint as against them, denied defendant Jones Lang LaSalle Americas, Inc.'s (JLL) motion for summary judgment on its claim for contractual indemnification against defendants ABM Industries, Inc. and ABM Janitorial Services - Northeast, Inc. (together, ABM), and denied ABM's motion for summary judgment dismissing the cross claim, unanimously modified, on the law, to grant ABM's cross motion for summary judgment dismissing JLL's cross claim for contractual indemnification, and otherwise affirmed, without costs.
Defendants established prima facie that they cannot be held liable for injuries plaintiff sustained when he slipped and fell on their premises by showing that a storm that produced freezing rain was in progress at the time and that there had been no ice on the ground within the hour preceding plaintiff's fall (see e.g. Prince v New York City Hous. Auth., 302 AD2d 285, 285-286 [1st Dept 2003]). They submitted certified weather records, expert meteorological affidavits, and plaintiff's deposition testimony that, among other things, as he lay on his back on the sidewalk after falling, he felt rain on his face and had not seen or felt any ice on the ground in the area, or anywhere around the perimeter of the premises, within the hour preceding his fall. In opposition, plaintiff failed to raise an issue of fact.
Its contractual obligations to remove snow and ice notwithstanding, ABM established that it owed plaintiff no duty of care under Espinal v Melville Snow Contrs. (98 NY2d 136, 140 [2002]; see also Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 360-361 [2007]). Plaintiff failed to raise an issue of fact whether ABM created or exacerbated the alleged icy condition (see Espinal, 9 NY3d at 141-143; Santos v Deanco Servs., Inc.,142 AD3d 137, 142 [2d Dept 2016]).
Dismissal of JLL's cross claims against ABM for contractual indemnification is also warranted. The service contract contained a broad indemnification clause that required ABM to indemnify JLL "from and against any and all liabilities, obligations, claims, demands, causes of action . . . arising out of, based upon, or occasioned by or in connection with" the service contract. However, the record conclusively demonstrates that ABM's snow and ice remediation duties under the service contract were triggered only when JLL directed ABM to perform snow and ice remediation. JLL failed to establish that a notice for snow and ice remediation was sent to ABM, and therefore has not demonstrated an event that triggered ABM's contractual duty. Since there are no issues of fact concerning this triggering event, the court incorrectly denied ABM's motion for summary judgment as to JLL's cross claim for contractual indemnification (see Trawally v City of New York, 137 AD3d 492, 492-493 [1st Dept 2016]; Kogan v North [*2]St. Community, LLC, 81 AD3d 429, 430 [1st Dept 2011]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021