Raff-DeSanto v 200 Chelsea Corp. (2021 NY Slip Op 06658)





Raff-DeSanto v 200 Chelsea Corp.


2021 NY Slip Op 06658


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 450269/20, 595292/20 Appeal No. 14703 Case No. 2020-04524 

[*1]Liliane Raff-DeSanto, Plaintiff-Respondent,
v
200 Chelsea Corp., et al, Defendants-Respondents, The Meatball Shop, LLC, Defendant, Shigemitsu New York, Inc., Defendant-Appellant.
200 Chelsea Corp., et al., Third-Party Plaintiffs-Respondents,
v
200 Ninth Restaurant, LLC, Third-Party Defendant


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellant.
Callahan & Fusco, LLC, New York (Crystal Alonso of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 23, 2020, which, to the extent appealed from as limited by the briefs, denied defendant Shigemitsu New York, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
Plaintiff was injured when she tripped and fell in a hole or depression in the cement on a sidewalk. Defendant Shigemitsu, a ground floor commercial tenant, failed to establish prima facie that it cannot be held liable for plaintiff's injuries based on the location of her accident, since the photographic evidence does not show that the area of the sidewalk on which plaintiff tripped and fell did not abutt its property.
Alternatively, Shigemitsu argues that, as a tenant, it cannot be liable for plaintiff's personal injuries because the defect that caused plaintiff's accident was structural and the lease requires that the tenant repair and maintain only the nonstructural elements of the premises, and explicitly obligates defendant landlord 198 Chelsea to repair and maintain structural elements. However, Shigemitsu failed to establish that it did not create or exacerbate the alleged dangerous condition, since it admitted that it made repairs to the sidewalk some time before the accident (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]; Grant v Caprice Mgt. Corp., 43 AD3d 708 [1st Dept 2007]). Shigemitsu submitted no evidence as to how long before the accident happened the repairs were made, and its representative's testimony that there were no defects after the repairs were made is contradicted by plaintiff's testimony.
Similarly, with respect to the cross claims, issues of fact exist as to whether
Shigemitsu may be liable to 198 Chelsea for common-law and/or contractual indemnification.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021