Hangan v Edgewater Park Owners Coop., Inc. (2024 NY Slip Op 06275)

Hangan v Edgewater Park Owners Coop., Inc.

2024 NY Slip Op 06275

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 31819/19 Appeal No. 3236-3237 Case No. 2023-00765 

[*1]Jennifer Hangan, Plaintiff-Respondent-Appellant,
v
Edgewater Park Owners Cooperative, Inc., et al., Defendants-Respondents, Edgewater Park Athletic Assoc., Inc., et al. Defendants-Appellants-Respondents, Edgewater Park Beach Association, Inc., Defendant. [And a Third Party-Action] 

BatesCarey LLP, Chicago, IL (Colleen P. Sorensen of the Bar of the State of Illinois, admitted pro hac vice, of counsel), for Edgewater Park Athletic Assoc., Inc., appellant-respondent.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for Debartolo Landing Inc., appellant-respondent.
Kelner & Kelner, New York (David S. Sasser of counsel), for respondent-appellant.
Gordon Rees Scully Mansukhani LLP, New York (Marci Mitkoff of counsel), for respondents.

Order, Supreme Court, Bronx County (Adrian N. Armstrong, J.), entered January 17, 2023, which, to the extent appealed from as limited by the briefs, denied defendant Edgewater Park Athletic Assoc., Inc. (EPAA)'s motion for summary judgment dismissing the complaint and cross-claims against it, and denied defendant/third-party defendant DeBartolo Landscaping Inc. (DeBartolo)'s cross-motion for summary judgment dismissing the third-party complaint and cross-claims against it, unanimously modified, on the law, to the extent of dismissing defendants/third-party plaintiffs Edgewater Park Owners Cooperative, Inc. (EPOC) and Board of Directors of Edgewater Park Owners Cooperative, Inc. (the Board)'s cross-claim against EPAA for breach of contract for failure to procure insurance, and otherwise affirmed, without costs. Order, same court and Justice, entered October 17, 2023, which granted DeBartolo's motion to reargue, and upon reargument, granted DeBartolo's cross-motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the cross-motion denied.
Plaintiff alleges that she was injured when she fell, allegedly due in part to inadequate lighting, after stepping in a hole in a field after attending a sporting event hosted by EPAA. EPOC, which was managed by the Board, owned the property, which included a park and field. EPOC leased a building on the property to EPAA. EPOC hired DeBartolo as the landscaping contractor.
The court properly denied EPAA's motion for summary judgment dismissing the complaint as against it. EPAA failed to establish prima facie that it had no duty to maintain the field where plaintiff allegedly fell (see Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]). In addition to leasing a building on EPOC's property, EPAA was permitted to use the surrounding property to host its sporting event, and it was responsible for the lighting at the field. There were also triable issues of fact as to when the sporting event ended.
The court also properly denied EPAA's motion for summary judgment dismissing EPOC and the Board's common-law indemnification and contribution cross-claims against EPAA because EPAA failed to establish that it was not negligent for failing to provide adequate lighting at the field for the event (see Berihuete v 565 W. 139th St., L.P., 171 AD3d 667, 667 [1st Dept 2019]).
The court properly denied dismissal of EPOC and the Board's contractual indemnification cross-claim against EPAA because the rider's indemnification provision covered more than just the building EPAA leased. The indemnification provision requires EPAA to indemnify EPOC for any claims "arising out of [EPAA's] use or occupancy of the premises or act of neglect, intentional tort or violation of statute of [EPAA] or [its] agents, servants, employees and/or members." Thus, it does not seek to exempt EPOC, as the landlord, for liability from its own negligence, and General Obligations [*2]Law § 5-321 is inapplicable (Mirza v Boulevard Retail LLC, 214 AD3d 536, 537-538 [1st Dept 2023]).
However, the court should have dismissed EPOC and the Board's breach of contract for failure to procure insurance cross-claim against EPAA because EPAA established that it procured the requisite insurance.
Upon reargument, the court should have adhered to its ruling denying DeBartolo's cross-motion for summary judgment dismissing the complaint as against it. DeBartolo failed to establish prima facie that its landscaping services did not create or exacerbate a dangerous condition (see Ray v Apple Sq. LLC, 174 AD3d 416, 417 [1st Dept 2019]). DeBartolo's president testified regarding the ordinary landscaping procedures but did not have any personal knowledge of the actual landscaping operations before the accident. Accordingly, the cross-motion should have been denied regardless of the sufficiency of plaintiff's opposition papers (see Prenderville v International Serv. Sys., Inc., 10 AD3d 334, 338 [1st Dept 2004]). Moreover, the common-law indemnification and contribution cross-claims and third-party claims against DeBartolo should not be dismissed.
We have considered the remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024